## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## DAVENPORT DIVISION

| | | |
|---|---|---|
| VOICE CAPTURE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:04-cv-40042 |
| | ) | |
| INTEL CORPORATION, DIALOGIC CORPORATION AND NUANCE COMMUNICATIONS, INC., | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| NUANCE COMMUNICATIONS, INC., | ) | DEFENDANT NUANCE |
| | ) | COMMUNICATION, INC.'S |
| Counterclaim Plaintiff, | ) | ANSWER, AFFIRMATIVE |
| | ) | DEFENSES, COUNTERCLAIMS, |
| v. | ) | AND JURY DEMAND |
| | ) | |
| VOICE CAPTURE, INC., | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |

Defendant Nuance Communications, Inc. ("Nuance"), by and through its undersigned counsel, responds to the complaint filed April 6, 2004 (the "Complaint") by Voice Capture, Inc. ("Plaintiff") by admitting, denying, alleging and counterclaiming as follows:

1.    Nuance admits that the Complaint purports to set forth claims arising under the patent laws of the United States and, that if such claims are properly set forth, this Court would have subject matter jurisdiction under 28 U.S.C. § 1338(a).

FILED 6/2/2004 2:02:04 PM, USDC, Southern District of Iowa

2.      Nuance admits that United States Patent No. Re. 34,587 ("the asserted patent") is entitled "Interactive Computerized Communications Systems with Voice Input and Output" and that the face of such patent states it was issued September 12, 1989, and reissued April 19, 1994.   As to all other allegations in Paragraph 2, Nuance lacks sufficient information to form a belief as to the truth or falsity and on that basis denies all such allegations.

3.      Nuance lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 3 and on that basis denies all allegations contained therein.

4.      Nuance lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 4 and on that basis denies all allegations contained therein.

5.      Nuance lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 5 and on that basis denies all allegations contained therein.

6.      Nuance admits that its principal office is located at 1005 Hamilton Court, Menlo Park, California 94025.   Nuance denies all other allegations in Paragraph 6.

7.      Nuance admits that venue is proper in this District.

8.      Nuance lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 8 that pertain to Intel Corporation ("Intel") and Dialogic Corporation ("Dialogic") and on that basis denies all such allegations.   Nuance denies all other allegations contained in Paragraph 8.

9.     Nuance lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 9 that pertain to Intel and Dialogic and on that basis denies all such allegations.  Nuance denies all other allegations contained in Paragraph 9.

10.     Nuance lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 10 that pertain to Intel and Dialogic and on that basis denies all such allegations.  Nuance admits it received notice of the asserted patent upon being served with the Complaint. Except as so admitted, Nuance denies all remaining allegations contained in Paragraph 10.

11.     Nuance lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 11 that pertain to Intel and Dialogic and on that basis denies all such allegations.  Nuance denies all other allegations contained in Paragraph 11.

12.     Nuance denies each and every allegation not previously admitted or otherwise qualified.

13.     Nuance denies that Plaintiff is entitled to the requested relief or to any relief whatsoever from Nuance.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Invalidity)

14.     Nuance is informed and believes, and thereon alleges, the asserted patent is invalid for failure to meet one or more of the conditions of patentability under Title 35, 35 U.S.C. §§ 101, *et seq.*

### Second Affirmative Defense

(Non-infringement)

15.     Nuance is informed and believes, and thereon alleges, Nuance has not infringed and does not infringe the asserted patent directly, contributorily, or by inducement.

### Third Affirmative Defense

(Invalidity because of Recapture)

16.     Nuance is informed and believes, and thereon alleges, subject matter contained in the asserted patent was surrendered in the original application to the United States Patent Office that was subsequently claimed in the reissue application. This recapture of previously surrendered subject matter renders the asserted claims invalid.

4

### Fourth Affirmative Defense

(Equitable Estoppel)

17.    Nuance is informed and believes a reasonable opportunity for further discovery is likely to produce evidence supporting, and thereon alleges, that the relief sought by Plaintiff is barred under the doctrine of equitable estoppel.

### Fifth Affirmative Defense

(Laches)

18.    Nuance is informed and believes a reasonable opportunity for further discovery is likely to produce evidence supporting, and thereon alleges, that the relief sought by Plaintiff is barred under the doctrine of laches.

### Sixth Affirmative Defense

(Patent Marking)

19.    Nuance is informed and believes a reasonable opportunity for further discovery is likely to produce evidence supporting, and thereon alleges, that Plaintiff is barred by 35 U.S.C. § 287 from obtaining any relief sought in the Complaint for alleged infringement of the asserted patent that occurred before the filing date of the Complaint.

### Seventh Affirmative Defense

(Time Limitation on Damages)

20.    Nuance is informed and believes, and thereon alleges, that Plaintiff's claim for damages for patent infringement is limited by 35 U.S.C. § 286 to only those damages occurring within six years of the date Plaintiff filed the Complaint.

## COUNTERCLAIMS

### Parties, Jurisdiction and Venue

21.     Nuance Communications, Inc. is a corporation organized and existing under the laws of the state of Delaware, with executive offices in Menlo Park, California.

22.     Nuance alleges, on information and belief based on Plaintiff's allegations in the Complaint, that Voice Capture, Inc. is a Colorado corporation with offices in Aspen, Colorado and Davenport, Iowa.

23.     Nuance counterclaims against Plaintiff pursuant to the patent laws of the United States, 35 U.S.C. §§ 101, *et seq.*, and seeks Declaratory Relief pursuant to 28 U.S.C. § 2201.

24.     This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

25.     Venue is proper in this District pursuant to 28 U.S.C. § 1391.

### First Counterclaim

(Declaration of Invalidity and Unenforceability of the Asserted Patent)

26.     Nuance incorporates by reference each of the allegations contained in Paragraphs 21-25.

27.     By virtue of the allegations contained in Plaintiff's Complaint and Nuance's Answer thereto, an actual controversy exists between Nuance and Plaintiff as to whether the asserted patent is invalid and unenforceable.

6

28.   The asserted patent is invalid and unenforceable for the reasons set forth in Paragraphs 14 and 16-18 of Nuance's Answer and Affirmative Defenses, which are incorporated herein by reference.

29.   Based on the foregoing, Nuance is entitled to judgment holding that the asserted patent is invalid and unenforceable, and awarding Nuance the damages it has suffered from the unlawful assertion of such patent by Plaintiff.

### Second Counterclaim

(Declaration of Noninfringement)

30.   Nuance incorporates by reference each of the allegations contained in Paragraphs 21-25.

31.   Plaintiff claims to be the owner by assignment of all legal rights and title to and interest in the asserted patent.

32.   Plaintiff claims that Nuance is infringing the asserted patent.

33.   Nuance seeks a declaration that it does not infringe the asserted patent.

WHEREFORE, Nuance prays for relief as follows:

A.   that Plaintiff's Complaint be dismissed with prejudice and that relief requested by Plaintiff and any relief whatsoever be denied;

B.   for entry of a Judgment declaring the asserted patent invalid and unenforceable, and not infringed by Nuance or the use of Nuance's products or services;

C.   that Plaintiff be required to pay Nuance's attorney fees pursuant to 35 U.S.C. § 285; and

7

D.      that Nuance have such other relief as this Court may deem just and fair.

## DEMAND FOR JURY

Nuance demands a jury trial on all issues triable to a jury in this matter.


Respectfully submitted,

Helen C. Adams

Tracy L. Deutmeyer
DICKINSON MACKAMAN TYLER & HAGEN, P.C.
1600 Hub Tower
699 Walnut Street
Des Moines, Iowa 50309
Phone: (515) 244-2600
Fax: (515) 246-4550
hadams@dickinsonlaw.com
tdeutmeyer@dickinsonlaw.com

*(Pro Hace Vice Applications Pending):*
J. David Hadden
Ryan Jared Marton
Fenwick & West LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Phone: (650) 988-8500
Fax: (650) 938-5200
dhadden@fenwick.com
rmarton@fenwick.com

ATTORNEYS FOR DEFENDANT
NUANCE COMMUNICATIONS, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the document attached to this Certificate was mailed to the person listed below at the addresses indicated, stamped with the appropriate postage for ordinary mail and deposited on the _3rd_ day of _June_ , 2004 , in a United States mail receptacle, in Des Moines, Iowa.

Thomas D. Waterman
Lane & Waterman LLP
220 N. Main Street
Davenport, IA 52801

Raymond P. Niro
Robert P. Greenspoon
William W. Flachsbart
Niro Scavone Haller & Niro
181 West Madison St., Suite 4600
Chicago, IL 50502

Mr. Thomas D. Hanson
LuAnn White
Hanson Bjork & Russell LLP
405 - 6th Avenue, Ste. 1300
Des Moines, IA 50309-2413

John Allcock
Randall E. Kay
John Giust
Megan Whyman Olesek
Gray Cary Ware & Freidenrich LLP
401 B Street, Suite 2000
San Diego, CA 92101-4240

_Evie Worth_

F:\HADAMS\WP\Nuance-VoiceCapture-AnswerAffirmDefenses.wpd